IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG GIBSON, St. Clair County Jail # 308427, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 12-829-GPM |
| MEARL JUSTUS, PHILLIP McLAURIN, THOMAS L. TRICE, OFFICER McPETE, OFFICER CLAYTON, OFFICER HARRIS, OFFICER COLLINS, and OFFICER WILSON, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who is currently a pretrial detainee at the St. Clair County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to excessive force. Plaintiff claims that on December 17, 2011, following a confrontation between detainees and officers, he was taken to a "holdover" cell along with 13 other inmates. They were kept on administrative lockdown in that cell. On December 21, 2011, Plaintiff was taken to another location where he was physically assaulted by several officers, who kicked and punched him on his head and body. During this time, he offered no resistance, nor did he provoke the assault (Doc. 1, p. 7). Plaintiff further alleges that the officers did the same thing to the 13 other detainees, taking them out one by one to administer the beating. Afterwards, many prisoners displayed visible injuries. Plaintiff seeks damages, and discipline of the officers involved.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action for excessive force against the officers who took part in beating him. Plaintiff's complaint does not clearly state which of the named Defendants were personally responsible for the alleged constitutional violations. However, he identifies the perpetrators as "officers," and names five Defendants whom he describes with the title of "correctional officer" (Doc. 1, pp. 3-4). Giving liberal construction to Plaintiff's complaint, the Court concludes that Defendants McPete, Clayton, Harris, Collins, and Wilson are the officers against whom allegations of personal involvement are made.

However, there is no indication in the complaint that Defendants Justus (the county sheriff), McLaurin (the jail superintendent), or Trice (a sheriff's department investigator) were directly involved in the beating, or were even aware of the officers' conduct. Supervisory personnel cannot be held liable for the misconduct of their subordinates merely because of their status as managers. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that any of these three Defendants were "personally responsible for the deprivation of a constitutional right"—indeed, they are not mentioned, even by title, in Plaintiff's statement of his claim. *Id.* (Doc. 1, p. 7) Accordingly, Defendants Justus, McLaurin, and Trice shall be **DISMISSED with prejudice**. *See Brady v. Aldridge,* No. 12-2179, 2012 WL 4373391 (7th Cir. Sept. 26, 2012) ("We add that the district court properly dismissed [plaintiff's] claim against [defendant] because the doctrine of *respondeat superior* does not apply to § 1983 suits and [plaintiff] did not allege that [defendant] was personally responsible for his dental care."), *citing*

*Knight v. Wiseman,* 590 F.3d 458, 462-63 (7th Cir. 2009); *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006).

**Pending Motion**

On August 24, 2012, Plaintiff filed a motion (Doc. 7) for reconsideration of the denial of his request for the appointment of counsel. He attaches letters he wrote to three law firms seeking representation in this case, none of which have apparently agreed to represent him.

When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff has made some effort to retain counsel, but has been unsuccessful in his attempts.

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, Plaintiff's claims do not appear to be too factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's petition appears to adequately articulate his claims, and based on this ability, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for reconsideration of the appointment of counsel (Doc. 7) is **DENIED** without prejudice. Plaintiff may choose to re-file his motion for counsel at a later stage in the litigation.

**Disposition**

The Clerk of Court shall prepare for Defendants **MCPETE, CLAYTON, HARRIS, COLLINS,** and **WILSON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 9, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge